S89A0042. GRIFFITH et al. v. BEAVERS et al.
(384 SE2d 650)

WELTNER, Justice.

Earl J. Wood died testate in 1956. He was survived by his widow, two daughters, and one son, Eugene Wood. The will of Earl J. Wood established a trust for the benefit of his wife and three children, providing as follows:

The corpus of my said trust estate shall not be divided among the beneficiaries herein named until my son, Edward Eugene Wood, is discharged from the armed forces of the United States of America by reason of a termination of the present war, unless he should die or be killed in action prior thereto, in which event my trustees are hereby authorized and empowered to divide the corpus of my said trust estate between my wife, May S. Wood, and my three children, Inez

---

Wood Holbrook, Florence Wood Beavers and Edward Eugene Wood, share and share alike, subject to all the provisions and limitations hereinbefore set out.

Eugene Wood returned home following World War II and was discharged from military service in 1949. Following the death of Earl J. Wood, there was a complete distribution of the assets of his estate, including the trust assets. Eugene Wood died in 1969, survived by three children and three grandchildren.

This action was commenced by the descendants of Eugene Wood, who contend that the trust established by the will of Earl J. Wood was executory in nature, and was terminated improperly. They contend that they have an interest in certain real property once owned by Earl J. Wood, and allocated by his will as assets of the trust.

1. (a) OCGA § 53-12-2 provides:

Trusts are either executed or executory. In an executed trust, everything has been done by the trustee required to secure the property or to render certain the interest of the beneficiaries, and all that remains for him to do is to preserve the property and execute the beneficial purposes. In executory trusts, something remains to be done by the trustee, either to secure the property, to ascertain the objects of the trust, to distribute according to a specified mode, or to do some other act, the doing of which requires him to retain the legal estate.

(b) OCGA § 53-12-4 provides:

In an executed trust for the benefit of a person capable of taking and managing property in his own right, the legal title is merged immediately into the equitable interest, and the perfect title vests in the beneficiary according to the terms and limitations of the trust.

(c) OCGA § 44-6-66 provides:

The law favors the vesting of remainders in all cases of doubt. In construing wills, words of survivorship shall refer to those survivors living at the time of the death of the testator in order to vest remainders unless a manifest intention to the contrary shall appear.

2. From the language of the trust, it is clear that its sole purpose was to retain assets of the estate *until* Eugene Wood's military service should terminate, by his death or by his release from military duty. It

was "executory" only until the occurrence of one of these contingencies. Eugene Wood's safe return from the war vitiated the sole limitation upon the trust, so that it was "executed" on the testator's death. Hence, its assets were distributed properly, and in accordance with the terms of the trust.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 19, 1989.

*W. R. Robertson III, D. Wayne McCurley,* for appellants.

*Heyman & Sizemore, William H. Major, William B. Brown, Weiner, Dwyer & Yancey, William Woods White, Weener & Assoc., Philip H. Weener, Smith, Gambrell & Russell, Kenneth L. Millwood, Dana G. Diment, Morris, Manning & Martin, Joseph R. Manning, Ann Moceyunas, W. Courtney Lafon,* for appellees.